Nov. Term,
1843.

WILLIAMSON *v.* DOE, on the Demise of CRAWFORD.

WILLIAMSON
*v.*
DOE.

A school-commissioner's sale of land mortgaged to secure a loan of school-funds, in consequence of the non-payment of interest, is void, unless he strictly pursue the authority given him by law.

The school-commissioner's deed in case of the sale of such land, not stating that he had taken the steps pointed out by the statute (specifying them,) is no evidence that he had taken those steps.

An entry made by such commissioner on the record of deeds, stating a satisfaction of the mortgage by a sale of the mortgaged premises, a notice given by him previously to the sale, &c., is no evidence of the facts therein stated.

The commissioner cannot sell such lands until the lapse of six months after the interest have become due.

It is the commissioner's deed alone that vests a title in the purchaser of such lands.

The commissioner's book of accounts with the congressional townships, containing charges against himself for interest received, is not, in ejectment by the purchaser of mortgaged premises, admissible to show the payment of the interest, unless the commissioner's testimony cannot be procured.

To sustain an ejectment, it must appear that the defendant was in possession of the premises when the action was commenced.

Saturday,
December 16.

ERROR to the *Montgomery* Circuit Court.

DEWEY, J.—This was an action of ejectment on the demise of *Crawford* against *B. H. Williamson,* for a half quarter of a section of land. Verdict and judgment for the plaintiff. Motion for a new trial overruled.

The lessor of the plaintiff gave in evidence the following documents, viz., A mortgage of the premises in dispute, bearing date *Nov.* 22, 1839, executed by *B. A. Williamson* to one *Carle,* school-commissioner of *Montgomery* county, to secure the payment of a loan of 100 dollars in three years, with interest thereon at the rate of ten *per cent. per annum,* payable in advance annually ; a deed executed by *Carle,* as school-commissioner, to *Crawford,* the lessor of the plaintiff, dated *July* 26, 1841. This deed commences, " Whereas *John Crawford* has paid the sum of one hundred and fourteen dollars and thirty-seven cents in full for the east half," &c. (the land in dispute,) and proceeds, " Now know ye, that in consideration of the premises, and in conformity with the statute in such case made and provided, I, *Daniel Carle,* school-commissioner, &c., for, and in the name of, the inhabitants of congressional township, &c., do give and grant the said east

half, &c., to the said *John Crawford*, his heirs and assigns forever;" and an entry on the record of deeds for *Montgomery* county, signed by *Carle* as school-commissioner, dated *July* 26, 1841, in the following language, "I do hereby acknowledge full satisfaction on the within annexed deed of mortgage, (that before stated,) by sale of the mortgaged premises at public auction, after advertising the same according to law, and after forfeiture of the same for non-payment of the interest for six months after the same fell due, at which sale *John Crawford* was the highest and best bidder, and was the purchaser; and I have executed a deed to him for the same." The official character of *Carle* was also proved. This was all the evidence on the part of the plaintiff. The defendant claimed the disputed premises under a deed from the mortgagor, executed after the date of the mortgage.

The defendant moved the Court to instruct the jury substantially as follows: That unless they believed from the testimony, the land in question was duly advertised and sold according to law, they must find for the defendant; and that the mortgage to the school-commissioner, the commissioner's deed to *Crawford*, and the entry made by the commissioner on the record of deeds, did not, nor did any of them, prove that the commissioner took all the steps necessary to enable him to convey a valid title to the land. The Court refused to give the instruction, or any part of it.

The solution of the question arising from this rejected charge to the jury, depends upon the nature of the powers conferred upon school-commissioners by the laws of this state, and how far those laws make the deeds, which they are authorized to execute, evidence of the regularity of their proceedings in the execution of their powers.

The act incorporating congressional townships, and providing for public schools therein, authorizes the commissioner to loan the school-funds on mortgage security, retaining out of the money loaned one year's interest in advance; R. S. 1838, p. 522; and the form prescribed for the mortgage shows that each year's interest is to be paid in advance until the principal be paid. *Id.* 536. It is also provided, that if default be made in the payment of the interest for the space of six months after the same shall become due, no further credit

Nov. Term, 1843.

WILLIAMSON v. DOE.

shall be given, but the whole debt, principal as well as interest, shall be immediately payable; and the commissioner shall forthwith proceed to sell the mortgaged premises, having first given twenty days' notice of the time and place of sale, by posting up written advertisements thereof in three of the most public places in the township in which the land is situate, and also by publication for three weeks successively in the newspaper printed nearest to the land, if any be printed in the county; the sale to be at the court-house door; upon the payment of the purchase-money, the commissioner, or his successor, is to make a deed to the purchaser, which shall vest in him the title of the mortgagor. *Id.* pp. 524, 525. By a statute passed in 1835, and reprinted in the revision of 1838, school-commissioners' deeds are made *prima facie* evidence of all the facts which they state. R. S. 1838, p. 548.

It is evident that the powers of the commissioner above specified are limited, special, naked powers not coupled with an interest. The law respecting such powers is, that they must be strictly pursued to render valid the act of the agent possessing them. The facts on which the right to exercise his powers depends must exist, or his transactions will be without authority and void. *Williams et al.* v. *Peyton's lessee,* 4 Wheat. 77. This Court has frequently recognized this principle in adjudications respecting the powers given by the revenue laws; and also in *Chill* v. *Hornish et al.* 4 Blackf. 454, where we decided that the agent of state for *Indianapolis* exercised special powers only in the disposition of the public land under his control, and that to make his acts valid he must conform strictly to the requisitions of the statutes prescribing his duties. This principle, we think, is applicable to this cause; and that, therefore, the school-commissioner was not authorized to sell the mortgaged premises, unless there had been a failure to pay the interest due on the mortgage for six months after it became payable, nor unless he had advertised the time and place of sale in the manner pointed out by the statute, nor at any other place than the court-house door; and that if any of these prerequisites was wanting, a sale made by him on a forfeited mortgage is void. It is true, that the mortgage given in evidence, which is substantially in the form prescribed by the statute, contains a

clause conferring upon the commissioner the power to sell the premises, provided default should be made in the payment of the principal or interest. This power, however, which is granted in general terms, must be understood as corresponding with that given by the statute under which the mortgage was executed, and as requiring the same prerequisites which are prescribed by the law. If we do not give this construction to the mortgage, it would follow that the commissioner might sell the mortgaged premises before the lapse of six months after the interest became due, without giving previous notice, and wherever he pleased. The express enactments of the statute would thus be rendered nugatory.

It remains to be inquired whether the commissioner's deed to the purchaser of the mortgaged premises, or the entry of satisfaction of the mortgage on the record of deeds, and the other matters contained in that entry, were any evidence that the commissioner took the previous steps necessary to the validity of his sale? The mortgage was evidence that interest was due, and of the time when it became payable, but with regard to notice and to the place of sale it most evidently can have no bearing.

The recitals contained in a deed are ordinarily evidence of the facts recited against the maker of the deed; and we do not doubt the power of the legislature to make such recitals evidence also as to strangers. But the law above referred to, providing that school-commissioners' deeds shall be evidence of the facts which they state, must be placed out of view on the present occasion. The deed from the commissioner to the lessor of the plaintiff, given in evidence in this cause, is in the form prescribed by the statute for deeds for the conveyance of land belonging to the congressional township when sold by the commissioner. That form has no reference to sales of mortgaged land for the forfeiture of the mortgage, nor is any form given for these cases. We do not, however, feel disposed to pronounce this deed a nullity. Though ill adapted to the occasion on which it was used, it contains words of conveyance, and is sufficient to transfer the property in question, provided the commissioner complied strictly with his authority in all other respects. Were this a case of the sale of land belonging to a congressional town-

ship, as the legislature has prescribed the form of a deed for such an occasion, with which form this deed complies, and has enacted that the deed shall be evidence of all the facts stated in it, we might perhaps feel disposed to view the general expression in the deed, "in conformity with the statutes in such case made and provided," as sufficient proof that the commissioner had complied with all the requirements of the law. We are not, however, called upon to make a decision on this point, and we make none. But we have no hesitation in coming to the conclusion, that that expression is evidence of no fact whatever in reference to any of the previous steps necessary to be taken to render a sale of mortgaged premises valid. In truth, it asserts no fact. This deed, then, stands without the aid of any legislative enactment as to its efficacy in any other point of view than as a conveyance.

In the case of *Williams et al.* v. *Peyton's lessee,* before referred to, the Supreme Court of the *United States* held this language : " It is a general principle, that the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an act *in pais,* the party claiming under that deed is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which its validity might depend. It forms a part of his title ; it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. These facts should be examined by him before he becomes a purchaser, and the evidence of them should be preserved as a necessary muniment of title." And that Court decided that the deed of a collector, who had sold land for the non-payment of taxes, was not *prima facie* evidence that he had himself advertised the sale in the manner prescribed by the act of congress under which he acted. If the deed under consideration had stated the steps taken by the commissioner previous to the sale, and the place where the sale was made, and they had corresponded with the requirements of our statute, this cause would be governed by different principles, for then the deed would, by express enactment, be evidence of the truth of the statements contained in it. As it is, we are not able to distinguish it in principle from the decision above quoted. The commissioner's deed

was no evidence that he had advertised and sold the land according to law.

With regard to the entry of satisfaction of the mortgage which the commissioner made upon the record of deeds, and of the other matters therein stated, it should not have been admitted in evidence at all, or being admitted, it was entitled to no weight with the jury. The law under which the commissioner acted did not authorize such an entry. There is a general statute with regard to all mortgages which requires that, upon payment of the mortgage-money, the mortgagee shall, if required by the mortgagor, enter satisfaction upon the record of the mortgage ; which entry shall bar any action brought upon the mortgage, and operate as a complete discharge and release thereof. R. S. 1838, p. 314. There was no propriety in entering satisfaction of this mortgage. The entry contemplated by the law is only made when the mortgage is satisfied by a voluntary payment, and its object is to furnish evidence to defeat any proceeding whatever founded upon the mortgage. The entry in question is no more evidence of the facts stated in it, than would be any loose memorandum of the commissioner stating the same facts.

The instruction asked for by the defendant should have been given to the jury.

On the motion of the lessor of the plaintiff the Court instructed the jury, that so soon as principal or interest became due on the mortgage, the commissioner had a right to sell the mortgaged premises ; that the jury had a right to find for the plaintiff on the sale under the mortgage without a deed from the commissioner. These instructions were wrong. The first, as we have seen, because the commissioner had no right to sell until the lapse of six months after the interest became due ; and the second, because it is the commissioner's deed alone which vests a title in the purchaser.

The defendant produced the book of the school-commissioner containing his accounts in relation to the school-funds, in which were the following entries : "*Nov.* 22. To cash received of *Bladen A. Williamson* interest on mortgage $10. Back interest on same $2.50." "Deduct from *B. A. Williamson* interest $13.12½;" and offered to read the entries to

Nov. Term; the jury. There was no evidence that the commissioner
1843.    was dead, or that his testimony could not be procured. The

PHILBRICK  Court rejected the book; and we think the decision was
v.
GOODWIN.  right. Had there been proof that the testimony of the com-
missioner could not be had, the entries would have been pro-
per evidence for the consideration of the jury in forming an
opinion whether interest due on the mortgage had been paid
or not. The commissioner is required by law to keep a sepa-
rate account of the funds belonging to each congressional
township, and of his transactions in relation to the same. R.
S. 1838, p. 511. He is a public officer sworn to the faithful
discharge of his duties. His book, kept in pursuance of his
duty, and containing an entry rendering him liable to its
amount, is good secondary evidence (his own testimony not
being to be had) of the fact contained in the entry. See
*Stead* v. *Heaton*, 4 T. R. 669.—*Goss* v. *Watlington*, 3 B. &
B. 132.—*Nicholls* v. *Webb*, 8 Wheat. 326.

There should have been a new trial granted on account of
refusing the instruction asked for by the defendant, and for
the misdirection of the Court in giving those which were
given on the motion of the plaintiff; and also for another
reason. There was no evidence that the defendant was in
possession of the premises when the action was commenced.
This was essential to a verdict for the plaintiff.

*Per Curiam.*—The judgment is reversed at the costs of
the lessor. Cause remanded, &c.

*H. S. Lane* and *S. C. Willson*, for the plaintiff.

*R. C. Gregory* and *D. Brier*, for the defendant.