Nov. Term,

SKELTON, School Commissioner, *v.* BLISS, and Another.    1855.

SKELTON
*v.*
A security taken by a public officer, on a loan of public funds, will, in a case of    BLISS.
  doubt as to its legality under the statute, be held to be valid.
An act done, or a security taken, by a public officer, is void, when it is per-    7    77
  formed in disobedience to a statute containing a positive prohibition, or to    157    525
  one which, though not containing words of positive prohibition, imposes a
  penalty for the doing of the act.
Where the act is done in the execution of a statutory power of a limited and
  particular nature, the provisions of the statute must be pursued, or the act
  will be void.

APPEAL from the *Miami* Circuit Court.                    *Wednesday,*
*November* 28.
PERKINS, J.—Bill to foreclose a mortgage. Bill dis-
missed on demurrer.

The allegations are, that one *James H. Kintner* was
school commissioner of *Cass* county; that in his capacity
as such he loaned to *Henry Bliss* 300 dollars of the school
fund, &c., and took a mortgage, to secure the repayment
of the loan, on a certain tract of land, particularly de-
scribed, situate in *Miami* county; that *Skelton* is the suc-
cessor in office to *Kintner;* that the loan has not been
paid, though due; that *Chauncey Carter* has purchased the
land mortgaged, and that no proceedings have been had
at law, &c.; closing with the usual averments and prayer.

The bill was dismissed, on the ground that the mort-
gage appeared upon its face, as set forth in the bill, to be
void, because taken in violation of law; and whether the
Court was right in the conclusion upon this point, is the
only question made in the case.

The alleged illegality consists in the mortgage having
been taken upon lands not situated in the county for which
*Kintner* was school commissioner.

The mortgage can not, for that reason, be considered
void, as a thing *malum in se,* or against public policy; but,
if at all, either because prohibited by statute, and this
with clearness; for, in a case of doubt, the Court would
incline to hold the security valid; see *Jones* v. *Waite,* 5
Bing. N. C. 350; or because not executed pursuant to the
power conferred by the statute upon the commissioner.

Nov. Term, 1855.

Skelton
v.
Bliss.

How, then, or by what rules are we to determine whether an act or security be void or not, on account of statutory prohibition, or departure from authority in its performance or execution? We find, upon examining the decided cases, that, as a general rule, an act is void for the first of said causes:

1. When it is performed in disobedience to words of the statute in positive prohibition. *The State, for the use, &c.* v. *The State Bank*, 5 Ind. 353, and *The State Bank et al.* v. *Coquillard*, 6 *id.* 232.

2. When it is performed against a statute which, though containing no words of positive prohibition, yet imposes a penalty for the doing of the act, such penalty being tantamount to prohibitory words.

We quote from 1 *Smith's* Leading Cases, 364. " A question sometimes arises, whether, when a statute points out a particular mode for the performance of some act therein commanded, its enactments should be taken to be *imperative* ·or only *directory;* in the former only of which cases an act done in a different mode from that pointed out by the statute, would be void. In *Pearce* v. *Morrice*, 2 Ad. and Ell. 96, the following rule for distinguishing between imperative and merely directory enactments, is given by Mr. Justice *Taunton.* 'A clause is directory, where the provisions contain mere matter of direction and no more; but not so when they are followed by words of positive prohibition.' See *Rex* v. *Gravesend*, 3 B. and Ad. 240; *Rex* v. *St. Gregory*, 2 Ad. and Ell. 106; *Brooks* v. *Cook*, 3 Ad. and Ell. 138. 'It is' (said *Parke*, B., in *Gwynne* v. *Burnell*, 2 Bing. N. C. 39) 'by no means any impediment to construing a clause to be directory, that if it is so construed there is no remedy for non-compliance with the direction. Thus, the statutes which direct the quarter-sessions to be held at certain times in the year, are construed to be directory. *Rex* v. *The Justices of Leicester*, 7 B. and C. 6. And the sessions held at other times are not void. Yet it would be difficult to say that there would be any remedy against the justices for appointing them on other than the times prescribed by the statute.'"

We now look to the other cause for which the act may be void, viz., departure from the statutory requirements in the execution of a power. And on this point the general proposition is this: that, where the act is one in the execution of a statutory power, the provisions of the statute must be pursued, or the act will be void. Some of the cases in our own reports will establish this. Those upon tax-sales will at once occur to the lawyer, and are too numerous to be cited. *Chill* v. *Hornish et al.*, 4 Blackf. 454, comes under the same principle. The agent for the sale of lands in *Indianapolis*, was authorized by statute to sell and convey the lands of the state to certain persons. He attempted to convey to different persons, and his conveyance was held inoperative. So where the law has authorized bonds to be executed payable to particular persons, and they have been made payable to other persons. 6 Blackf. 91 and 395.—8 Blackf. 162. So where the law authorized a school commissioner to sell lands mortgaged when six months had elapsed after the interest became due, and he attempted to sell before that time. *Williamson* v. *Doe*, 7 Blackf. 12.

But, in this class of cases, it is to be considered whether the power is general or limited and particular. For example, in the case of the agent at *Indianapolis*, if he had been authorized by the statute to sell and convey generally, instead of being limited to particular persons, his deed would have been good. And in the case of the school commissioner, had he been authorized generally to sell the mortgaged lands to make the debt, instead of being authorized to sell after the interest had been due six months, his sale, at such time as his discretion might have prompted after the debt had become due, would have been good.

Tested by the rules and principles above laid down, the mortgage under consideration can not be considered void. It was taken by the school commissioner of *Cass* county, acting under the school law of 1837. We have carefully examined that law, and can find no section or clause in it prohibiting the taking of mortgages by the commissioner of one county upon lands situated in another, or directing

Nov. Term,
1855.

SKELTON
v.
BLISS.

him to take them upon lands in his own county alone. See the law, *passim*. Laws 1837, p. 15. Inferentially, it may be gathered, from all the provisions of the statute, that the commissioner should most properly loan upon land in his own county; but a security will not be held void upon a doubtful inference of illegality. Indeed, counsel admit that they can not point to a provision of the law limiting the commissioner to lands in his own county; but they say it is not for them to indicate such a provision; that it is, on the contrary, for the commissioner to show one authorizing him to take lands out of his county. It will at once appear, from what we have already said, that in this they are mistaken. The statute authorizes the commissioner generally to loan money on mortgage security. He made such a loan, and the counsel for the defendant assert that the mortgage taken is void as in violation of law, and the burden is upon them of establishing the fact. They have failed to do so. They have shown that the legislature may possibly have intended that mortgages should be upon lands in the county of the loaning agent, but they have not shown that it was intended those not so should be void, and we can not declare them so. See *Skelton* v. *Kintner* and another, 2 Ind. R. 476, a case that arose under the same school law.

Another ground taken by counsel, is, that the bill shows that the mortgage was fraudulently taken by the commissioner, and hence can not be enforced; but we can not concede this assumption to be true in point of fact. We think the bill shows the contrary.

STUART, J., having been concerned as counsel, was absent.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the appellant.

*H. P. Biddle* and *B. W. Peters*, for the appellees.