HOLDING, ADM'R, *v.* SMITH.

SUPREME COURT.—*Presumption in Favor of Judgment.*—The Supreme Court will presume, in favor of a judgment for the defendant, that an answer not on file, to which there is no demurrer in the transcript, contained a good defence.

NEW TRIAL.—*Motion.—Instruction to Jury.*—A motion for a new trial, because of erroneous instruction to the jury, must point out in what particular the court has misdirected the jury.

SAME.—*Evidence.*—A motion for a new trial on account of the admission of improper evidence must indicate what evidence has been improperly admitted.

APPEAL from the Shelby Common Pleas.

PETTIT, J.—This was a suit by the appellant against the appellee, to recover for the use and occupation of certain real estate. The deceased, of whom the plaintiff was administrator, was the mother of the defendant. The answer on which the trial was had was, 1st. General denial. 2d. Payment. 3d. Set-off for taxes paid, improvements made, taking care of, boarding, clothing, nursing, and paying physician's bills, etc., for the deceased, his mother.

The clerk says that the first paragraph of the answer is not on file, and is not, therefore, found in the record. The clerk says that a demurrer was filed to it, but for what cause we do not know, as the demurrer is not in the transcript, and we will therefore presume that the first paragraph of the answer was a good defence to the action. The judgment cannot, therefore, be reversed; but we will go further, as we think there is no merit in this appeal. It is said that a motion to strike out certain paragraphs of the answer was made and sustained, but this motion is not in the record; and it is further said that this ruling was excepted to, and a bill of exceptions filed, but no such bill is in the transcript. If it were necessary for the determination as to whether the judgment should be reversed or affirmed, we should hold that all these paragraphs of the answer are in the record, but it is not. The clerk says there was a motion to dismiss the case, and a bill of exceptions filed for overruling the

motion, but neither the motion nor bill of exceptions is in the record.

There was a trial by jury and verdict for the defendant (appellee), motion for a new trial, for the causes, " 1st. Said verdict is contrary to law. 2d. Said verdict is not supported by sufficient evidence. 3d. There was a misdirection of the court, as to the law, to the jury by the court in this cause, and excepted to at the time. 4th. For the introduction of improper evidence to the jury, and objected to at the time."

The only legal or proper assignment of error is the over-ruling of the motion for a new trial.

As to the first and second causes for a new trial, we have only to say, that we know of no law contravened by it, and that the evidence not only justified, but absolutely required it. As to the third and fourth, we hold, as this court has done in numerous cases, published and unpublished, that they are not sufficient causes for a new trial, because the one does not point out in what particular the court misdirected the jury, and in the other, what evidence was improperly introduced to the jury and objected to at the time.

We shall not re-write the often repeated reasons for this ruling.

The judgment is clearly right, and is affirmed, at the costs of the appellant.

*C. Wright, A. Major,* and *S. Major,* for appellant.