Betson *et al. v.* The State, *ex rel.* Torrence *et al.*

---

BETSON ET AL. *v.* THE STATE, EX REL. TORRENCE ET AL.

PLEADING.—*Demurrer.*—A complaint or any paragraph thereof is bad on demurrer of any defendant against whom no cause of action is shown therein.

MORTGAGE TO SCHOOL FUND.—*Void Sale.*—A sale, by the authority of the

Betson *et al. v.* The State, *ex rel.* Torrence *et al.*

county auditor and treasurer, of land mortgaged to the State for the use of the congressional township, for a sum greater than is due at the time of sale, is void.

SHERIFF'S SALE.— *Vendor and Purchaser.—Notice.—Mortgage.*—Where land is purchased at sheriff's sale by one who has actual notice of a mortgage thereon,. wherein the county and state where the land is situated are not named, though the section, township, and range are specified, and the vendee knows what land was intended to be mortgaged and the county where the land lies, he can not be regarded as a purchaser for a valuable consideration without notice.

PRACTICE.—*Demurrer.*—A demurrer to a reply will not be considered where the answer is not in the record.

SAME.—*Evidence.— Objections to.—Bill of Exceptions.*—Objections to the admissibility of evidence must be specific, must be made in the court below,. and, on appeal, must appear in a bill of exceptions.

## From the Vermillion Circuit Court.

*B. E. Rhoads, M. G. Rhoads, J. M. Allen, W. Mack,* and *W. Eggleston,* for appellants.

*D. H. Maxwell* and *J. B. Cheadle,* for appellees.

DOWNEY, J.—The State, on relation of James Torrence,. auditor of Vermillion county, sued William F. Shelatoe, Mariah Shelatoe, Henry Betson, Martin Thompson, and John Ammerman, to foreclose a mortgage, asking at the same time that a correction be made in the mortgage.

In the first paragraph of the complaint, it is alleged, that on the 14th day of June, 1867, Shelatoe and wife executed the mortgage to the State for the use of congressional township fifteen, etc.; that, by a mistake of the person who wrote the mortgage, the words " in Vermillion county, in the State of Indiana," were omitted, etc. ; that it was the intention of the mortgagors to mortgage the land in said county. A copy of the mortgage is filed with the complaint. Prayer for reformation of the mortgage, etc.

In the second paragraph, it is stated, that Shelatoe and wife executed the mortgage to the State, as in the first paragraph, to secure the payment of a note executed by the defendant William F. Shelatoe to the State of Indiana, for the use, etc., for one thousand dollars, with seven per cent. interest from, etc., payable in advance; that the note provided that on failure to pay any instalment of interest when the same

became due, the principal sum should become due, etc. ; that one hundred and seventy-nine dollars and seventy-five cents of interest was then due and unpaid, etc. The mistake is then alleged, as in the preceding paragraph, and it is stated that the relator in the preceding paragraph asks judgment for the reforming of said mortgage, so that it shall read, etc. It is then alleged that Thompson holds possession of ten acres, one of the tracts so mortgaged, under a deed from Shelatoe and wife, with actual notice from Shelatoe that the land was mortgaged to the school fund ; that the same was unpaid, and that it was a lien upon said land. Also, that Ammerman holds possession of a two-acre tract and a forty-acre tract, the residue of said land, under two deeds from the defendant Betson, one of November 24th, 1870, and the other of April 1st, 1871 ; that Betson derived his title by sheriff's deed, dated December 10th, 1869; that the two-acre and the forty-acre tracts so mortgaged were sold by the sheriff of Vermillion county, Indiana, to satisfy an execution issued upon a judgment rendered in the Vermillion Common Pleas, at the January term, 1868, in favor of Alfred Depuy against Shelatoe, on which Betson became replevin bail; that the mortgage sought to be foreclosed was duly recorded in the recorder's office at Newport, etc., June 28th, 1867, long before the judgment was rendered upon which execution was issued and the sale was made; that this was the only mortgage given by the defendants Shelatoe, and that they owned no other lands in or out of said county, upon which a mortgage could be given. It is then alleged that Betson had actual notice of the existence of said mortgage, as he brought the deeds of Shelatoe to the auditor and had him fill up the mortgage for Shelatoe, and at the sheriff's sale he well knew that the mortgage was a lien upon the land, and that the lands were sold subject to said mortgage. Prayer for judgment for fourteen hundred dollars, for the reformation and foreclosure of the mortgage, the sale of the lands, etc.

Betson and Ammerman demurred separately to the first and second paragraphs of the complaint, on the ground that

they did not state facts sufficient to constitute a cause of action, and the demurrers were overruled.

All the defendants, except Thompson, then answered, in a first paragraph, that the auditor and treasurer of the county had, on account of the failure of Shelatoe to pay the interest on the mortgage, after due notice, on the 22d day of March, 1869, at, etc., sold the said mortgaged premises to one John Fox, for eleven hundred and sixty-nine dollars and twenty cents, that sum amounting to the principal and interest, damages, and costs then due on the said note and mortgage; that Fox paid said amount to the treasurer. A copy of the record of sale is filed with the answer. It is alleged that the treasurer applied the money to the payment of the mortgage, and that Torrence, the auditor, executed a deed to the purchaser, Fox, and made a complete record of said sale in his office, and afterward loaned said sum of money as school funds in his hands; that Shelatoe and wife have ever since acquiesced in said sale, and the payment and discharge of said debt; that the auditor failed to enter satisfaction of said mortgage, and still refuses, though often requested so to do; wherefore, etc.

The second paragraph of the answer was a general denial.

After demurring unsuccessfully to the answer, the plaintiff replied to the first paragraph, that after said sale to Fox and the delivery of the deed, said relator having ascertained that said sale was void, and would not divest the title of the defendants Shelatoe and wife in said land, and those claiming under them, for the reason that the sale was made to satisfy and pay the sum of eleven hundred and sixty-nine dollars and twenty cents, principal, interest, damages, and costs, claimed to be due at the time of the sale, when in fact that amount was not due from Shelatoe, but only the sum of eleven hundred and fifty-four dollars and thirty-five cents, under the order and direction of the board of commissioners of said county, a copy of which is filed with the reply, and with the assent of said Fox, cancelled said sale, and the purchase-money paid by said Fox was repaid to him, and

that the sale so made by the auditor was after the date of the pretended purchase made by Betson at sheriff's sale.

For a second paragraph of reply, the plaintiffs pleaded a general denial.

There is in the record what purports to be a reply to an answer of Betson alone, but as we do not find any separate answer by Betson, we need not notice, particularly, this paragraph of reply. Nor need we notice any further the demurrer to such paragraph of the reply. The defendants demurred to the first paragraph of the reply of the plaintiffs for want of sufficient facts, and their demurrer was overruled.

The defendant Thompson not having been served with process, the cause, as to him, was continued for process, but as to the other parties there was a trial by the court, a finding for the plaintiff, a motion for a new trial made by the defendants overruled, and judgment on the finding.

The errors assigned in this court are :

1. Overruling the demurrer of Betson and Ammerman to the first and second paragraphs of the complaint.

2. Overruling the demurrer of Ammerman to the first paragraph of the reply.

3. Overruling the demurrer of the defendants to the first paragraph of the reply.

4. Overruling the demurrer of Henry Betson to the separate reply of the plaintiff to said Betson's answer.

5. Overruling the motion for a new trial.

The first paragraph of the complaint shows no reason whatever for uniting Betson and Ammerman with Shelatoe and wife in the action, and hence their demurrer to that paragraph of the complaint was well taken, and should have been sustained. Any defendant against whom no cause of action is shown in the complaint, or in any paragraph thereof, may demur for himself, and his demurrer should be sustained. *Bennett* v. *Preston,* 17 Ind. 291, and cases cited. But we have concluded that this error should not require us to reverse the judgment, as the whole case could have been, and, as the record shows, was, tried under the second paragraph.

The sufficiency of the first paragraph of the reply is the next question. The answer sets up a sale, by the authority of the auditor and treasurer, of the mortgaged premises to Fox, in satisfaction of the mortgage. The paragraph of the reply in question alleges the invalidity of that sale, because the amount for which the sale was made was more than was due on the mortgage at the time, the rescission of the sale by order of the board of commissioners with the assent of Fox, and the repayment to Fox of the money which he had paid. If the sale was void, it was binding upon no one; to undo it was proper and just, and could injure no one. That a sale, in such case, for more than is due renders the sale void, is decided in *Key* v. *Ostrander,* 29 Ind. 1, and in *Vail* v. *McKernan,* 21 Ind. 421. We think the first paragraph of the reply was good.

As to the overruling of the demurrer of Betson to the reply of the plaintiff to the answer of Betson, it is enough to say, as we have already said, that the record contains no separate answer by Betson, and we can not, therefore, say whether the reply to it was good or bad.

We next come to the reasons for a new trial. The first reason is, that the finding of the court was not sustained by sufficient evidence. We are of the opinion that the evidence justified and required the finding of the court. It is a question whether there was any necessity for a reformation of the mortgage. The county and state in which the premises were situated were not stated in the mortgage. But it may be that the other matters contained in the mortgage, the section, township, and range, the residence of the mortgagors, etc., supplied this lack. We need not, however, decide this question. It was admitted that at the time Betson bought the land at the sheriff's sale, he had actual knowledge of the existence of the mortgage, and that the sale to Betson was some time before the sale to Fox. It also appeared from the evidence that there had been a suit between Betson and Fox, in which the title of Fox, under the auditor's sale, had been held invalid, and that Ammerman knew these facts when he

purchased part of the land from Betson, and, consequently, knew, as we think, that the State's lien under the mortgage was yet valid, or if not valid, that Fox might claim under the mortgage by way of subrogation or assignment to the extent of the money which he had paid to the county. We think the evidence shows that both Betson and Ammerman had notice of the mortgage, so that they can not be regarded as purchasers for a valuable consideration and without notice. It was proved that the mortgaged premises were in Vermillion county, Indiana.

The second reason for a new trial is, that the court permitted Shelatoe to testify to certain facts set out in the bill of exceptions.

The third relates to certain testimony given by Torrence.

The fourth reason is the admission as evidence of the order of the board of commissioners relating to the rescission of the sale to Fox.

As to these three reasons for a new trial, the bills of exceptions show no more than this, that the defendants objected to the evidence, and that the objection was overruled. What the objection was, is not shown. This was insufficient, under many rulings of this court, to which, however, we need not particularly refer.

The fifth reason is "error of the court in admitting incompetent evidence, which was objected to at the time." This reason is too indefinite. *Holding* v. *Smith,* 42 Ind. 536; *Reeves* v. *Plough,* 41 Ind. 204. There are many other cases to this effect.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.