Arnold *et ux. v.* Gaff *et al.*

· The evidence was such that we cannot disturb the verdict of the jury upon it.

The judgment below is affirmed, with costs.

---

### ARNOLD ET UX. *v.* GAFF ET AL.

SCHOOL FUND MORTGAGE.—*Sale and Conveyance Under.—Action to Set Aside for Irregularity.—Pleading.*—In an action to foreclose a junior mortgage, and to set aside a sale under a prior, school fund mortgage, the complaint specified, as one cause for setting aside such sale, that, though the mortgaged land could have been divided without materially diminishing its value, and was worth much more than the amount of the debt for which the sale was made, yet the auditor, at said sale, did not offer any portion thereof, in the form of a square or otherwise, off the north-west corner thereof; and also, that, though the deed from the auditor recites, that said mortgaged premises were offered for sale in parcels, and an insufficient sum bid therefor, and that thereupon the whole tract was offered and.sold, yet the deed fails to describe such parcels.

*Held,* that these specifications are not material, and were properly struck out.

SAME.—*Statement of Sale.—Construction of Statute.*—Under section 100 of the act relating to common schools, 1 R. S. 1876, p. 802, the statement of a sale, made under a school fund mortgage, must be signed by both the treasurer and auditor of the county, but not by the recorder.

SAME.—*Pleading.—Practice.*—Where specifications of irregularities in the sale under such mortgage, contained in the complaint to set aside the sale, are struck out, no harm is done, if they are subordinate to, and contained in, another specification set out.

SAME.—*Sale for a Sum Too Large.*—Where the sale under such a mortgage is made for a sum materially exceeding the amount due, this difference constitutes a material irregularity; and it is error to strike out of the complaint allegations of such fact.

SAME.—*Recording Deed.—Construction of Statute.*—Under section 99 of such act, the deed executed by the auditor at such a sale must be entered in the record of the board of county commissioners, as a condition precedent to its delivery.

From the Bartholomew Circuit Court.

*S. Stansifer,* for appellants.

*R. Hill,* for appellee.

NIBLACK, J.—This was an action by the appellants, George W. Arnold and Christina L. Arnold, his wife, against Thomas Gent, Martha Gent, Celia Hunt, and the appellees, Thomas Gaff, James W. Gaff, Richard Thomas and James F Reed.

The complaint was, in substance, as follows:

The appellant George W. Arnold, being the owner of the land in controversy, with his wife, Christina L. Arnold, executed a school fund mortgage thereon to the State of Indiana, on the 16th day of June, 1857, to secure a note for $135, executed by George W. Arnold to the State of Indiana  Thereafter, on the 9th day of April, 1869, Arnold and wife sold and conveyed the land to Thomas Gent, and Gent and his wife, Martha Gent, executed to Arnold and wife the mortgage in suit, to secure the balance of unpaid purchase-money, $4,000, for which Thomas Gent executed five notes, all due in five years after date, one for $2,000 and four for $500 each.   The one for $2,000 was made payable to Arnold and wife.   It is averred, that said Reed holds, by assignment, two of the $500 notes, and that Celia Hunt holds the other two.   Gent and wife sold and conveyed the land to the Gaffs.

It is averred, that, " on the 25th day of March, 1872, the auditor of Bartholomew county, not having foreclosed said mortgage to the State of Indiana, nor having instituted any action in any court, adversary or otherwise, to foreclose the same, on his own motion made a pretended sale of said land, under said mortgage and note, to the defendants Thomas and Reed, for the sum of $152.20, the amount then claimed to be due on said mortgage, including penalty and costs; and, at the time of said sale said land was, and is now, worth $4,000; and the said auditor made and delivered to said Thomas and Reed a deed for said land.   The plaintiffs say that the pretended sale and conveyance aforesaid, made by said auditor to said Thomas and Reed, were irregular and void for the reasons severally following, to wit:

" 1.  Said tract of land could have been divided without materially diminishing the value of it; and the tract was worth the sum of $4,000. ' Yet said auditor, at said sale, did not offer any portion thereof, in the form of a square or otherwise, off of the north-west corner thereof.

" 2.  The deed from said auditor to said Thomas and Reed recites, that, ' First, was offered each piece, or parcel, or lot of said mortgaged premises, separately, when, failing to have bid a sum equal to the whole amount due on said premises, for any part thereof, the said auditor then and there offered the whole of said mortgaged premises for sale at public outcry.'  But the deed nowhere recites or shows what pieces or parcels of said premises were so offered, nor gives any description of such pieces or parcels so offered.

" 3.  The treasurer of said county made a pretended statement of said sale, which was recorded in said recorder's office, but it was not signed by said auditor, but signed by the treasurer only.

" 4.  Said statement, signed and recorded as last aforesaid, does not show that said sale was in any manner advertised.

" 5.  Said statement, so signed by said treasurer, and recorded as aforesaid, does not specify or show the amount of principal due on said mortgage, the interest, penalty or costs, separately, but shows the amount in gross only.

" 6.  At the time of said sale, there was due on said mortgage:  Principal, $135; interest, $7.20; total principal and interest, $142.20; penalty, 2 per cent., $2.85; total, $145.05.  The costs of said sale were but $5; yet said auditor sold said land for an amount charged by him as follows:  Principal, $135; interest, $7.38; penalty and costs, $9.82; total, $152;—when the true amount due, including principal, interest, penalty and costs, was but $150.05.

"7. Said deed from said auditor to said Thomas and Reed was not entered in the record of the board of county commissioners of said county, before it was delivered to them, nor has it since been so entered.

" 8. No statement of said sale was made by said treasurer, and signed by him and said recorder, in said recorder's office."

It is averred, that, before the commencement of this action, plaintiffs tendered to Thomas and Reed the full amount of their said bid and interest, at the rate of seven per cent.

Prayer, as to said auditor's sale, that it be set aside, and for a decree and foreclosure of the Gent mortgage.

The defendants, the Gaffs, Thomas and Reed, severally moved the court to strike out the several specifications of alleged irregularities in the auditor's sale, which motion was sustained as to all of the specifications, to which the appellants excepted.

The same defendants then demurred to the complaint, and the demurrer was sustained, to which the appellants also excepted.

Errors are so assigned on the record as to bring before us the sufficiency of each specification of irregularity in the sale of the land on the school fund mortgage, above enumerated.

We think the first and second specifications were so framed as not to distinctly raise any question material for the consideration of the court below, and were, for that reason, if for no other, properly struck out.

We construe the third specification to mean, that no such statement of the sale was made by the auditor and treasurer of the county, as was at the time, and still is, required by law. Sec. 100, 1 R. S. 1876, p. 802, which was in force when the mortgage was executed, as well as when the sale was made, provides, that, " At the public sale at the court-house door, provided for in this act, the county treasurer shall also attend and make a

statement of such sales, which shall be signed by the auditor and treasurer, and, after being recorded in the auditor's office, shall be filed in the treasurer's office, and such record, or a copy thereof, authenticated by the auditor or treasurer's certificate, shall be received as evidence of the matters contained therein."

We are of the opinion, that the making of a statement by the auditor and treasurer, as above provided for, was necessary to the validity of the sale; and, construing the third specification as we do, we are of the impression that the court erred in striking it out. It may be regarded as a settled rule in this State, that a strict compliance with all the substantial provisions of the law is necessary in making such sales as the one before us, under school fund, and other similar, mortgages, in order to divest the title of the mortgagor. *Maynes* v. *Moore,* 16 Ind. 116; *Vail* v. *McKernan,* 21 Ind. 421; *Key* v. *Ostrander,* 29 Ind. 1.

It has been held in Massachusetts, that, where the mortgage conferring the power of sale requires an affidavit to be made, giving a statement of the sale, and to be recorded in the registry of deeds of the proper county, the omission to record the affidavit avoids the sale. *Smith* v. *Provin,* 4 Allen, 516; *Roarty* v. *Mitchell,* 7 Gray, 243; 1 Hilliard Mortgages, chap. 7, sec. 20.

That would seem to support the view we have taken as to the sufficiency of the third specification.

The fourth and fifth specifications were but subordinate to, and were subdivisions of, the third specification; and we are inclined to the opinion that no injury was done to the appellants in striking them out.

Upon the authority of the cases of *Vail* v. *McKernan* and *Key* v. *Ostrander, supra,* we feel constrained to hold that the sixth specification contained the allegation of a material irregularity in the sale, and was, also, erroneously struck out. The difference between the sum for

which the land sold, and the amount alleged to be really due, we must regard as a material difference.

We are also of the impression that the seventh specification was well pleaded, and ought not to have been struck out. It is provided by sec. 99, 1 R. S. 1876, p. 802, that, "Upon full payment being made for such lands, the deeds thereof shall be executed by the county auditor, and shall be entered in the record of the board of county commissioners before delivery."

We consider a compliance with that provision of the statute, also, as a necessary step in the progress of the sale. The entry on the commissioners' record is a condition precedent to the delivery of the auditor's deed.

We are not aware of any provision of law which requires a statement of the sale to be signed by the recorder, and, hence, we conclude that the court did not err in striking out the eighth specification. There must have been some inadvertence in the construction of that specification.

The judgment below, in favor of the appellees, is reversed, at their costs, and the cause remanded for further proceedings in accordance with this opinion.