Brown *v.* Ogg.

No. 8580.

## BROWN *v.* OGG.

QUIETING TITLE.—*Complaint.*—A complaint to quiet title which avers title and possession in the plaintiff, and that the defendant claims title or an interest, the value of which is unknown to the plaintiff, which clouds the plaintiff's title and impairs its market value, is good on demurrer. So, also, if the character of the defendant's claim be alleged with facts showing its invalidity.

MORTGAGE.—*Real Estate.—School Fund.—Description.—Presumption.—Judicial Knowledge.*—A mortgage to the State described lands by section, township and range, not giving the county or State where situated.

*Held,* that it will be presumed that the lands are in this State, and from the description the court will judicially know the county.

SAME.—*University Fund.—Sale by State Auditor on Mortgage.—Notice.*—A failure by the Auditor of State to give the notice of sale which the statute, R. S. 1881, section 4610, requires, on default of a mortgagor who has borrowed university funds, renders the sale void. So, also, if he sell to make more than the amount of principal, interest, damages and costs properly due. R. S. 1881, section 4611.

SAME.—*Notice.—Publication.—Costs.*—The statute, R. S. 1881, section 4610, requires that the notice of such sale should be published in one or more newspapers, not once merely, sixty days before the sale, but continuously, during the whole of that period. *Semble,* that if the notice be published in one newspaper as required, and in another only a part of the time, the notice is sufficient; but in that case the expense of the notice in the latter paper is no part of the proper costs, and if it be included in the sum for which the land is sold, the sale will be void.

From the Hancock Circuit Court.

*J. L. Mason* and *J. H. Mellett,* for appellant.

*J. M. Morris, A. L. Ogg, H. W. Harrington* and *A. B. Young,* for appellee.

MORRIS, C.—The appellee sued the appellant and one James L. Mason for the purpose of quieting his title to certain real estate situate in Hancock county, Indiana. The complaint is in two paragraphs.

The first paragraph states that the appellee is the owner in fee of said real estate, and in the possession of the same; that the appellant and said Mason claim title to or an interest

in said real estate, but that he is ignorant as to the precise nature of said claims, and can not, therefore, more particularly describe the same; that said claims cast a cloud upon his title and diminish the market value of his land. Prayer that his title may be quieted, etc.

The second paragraph describes the land and avers title in the appellee. It further states, that on the 22d day of April, 1878, the Auditor of State of the State of Indiana offered said real estate for sale at the door of the court-house, in the city of Indianapolis, under and in virtue of a pretended mortgage theretofore executed by one Lewis Sebastian, Jr., and his wife Ellen E., conveying to the State of Indiana, said land to secure the payment of a note for $500, money borrowed from the university fund of said State, and no one bidding the amount of principal, interest, damages and costs claimed by said auditor to be due on said pretended mortgage, said auditor bid in said land for the use of said fund, and thereupon immediately re-offered and sold the same to the said James L. Mason, on a credit of five years; that said Mason, as the appellee is informed and believes, without consideration, transferred to the appellant, Brown, all his title to said land acquired by the sale thereof to him by said auditor; that James D. Williams, then Governor of the State, executed and delivered to the appellant a deed for said land; that said deed and claim of said Brown thereunder cast a cloud upon the appellee's title to said land.

It is averred that the purchase of said land by the Auditor of State, and his sale of the same to said Mason, were void for the following reasons:

1. Because the description of said real estate, in said pretended mortgage executed by said Sebastian to the State, is uncertain and insufficient, for the reason that it does not state the county or State in which the land is situate.

2. Because the auditor sold said real estate for $6 more than the principal, interest, damages and costs due on said pretended mortgage.

3. Because said auditor failed and refused to offer said real estate for sale in parcels, it being susceptible of division without damage, and was worth $4,000.

4. Because the auditor failed to give sufficient notice of such sale.

5. Because it was not mentioned in the notice at which door of the court-house the sale would be made, there being several doors to the court-house fronting on different streets.

Mason disclaimed having any interest in the suit, and the appellant demurred separately to each paragraph of the complaint. The demurrer was overruled.

The appellant answered the complaint by a general denial.

The cause was submitted to the court for trial; finding for the appellee; the appellant moved for a new trial; the motion was overruled, and a decree rendered quieting the appellee's title to the land in controversy.

The rulings of the court upon the demurrer and upon the motion for a new trial, are assigned as errors.

There was no error in overruling the demurrer to the first paragraph of the complaint. The demurrer admits that the appellee is the owner in fee of the land in controversy, and that the claims of the defendants below cast a cloud upon his title. These facts entitle the appellee to the relief asked.

Nor do we think the court erred in overruling the demurrer to the second paragraph. We do not think the sale void because the land was not sufficiently described in the mortgage upon which the sale was made. It is alleged that it was not stated in the mortgage in what county or State the land mortgaged was situated. The mortgage was executed by parties residing in Indiana, for the purpose of securing the note of the mortgagor to the State for $500, borrowed by him of the university fund. Upon these facts it will be presumed that the land mortgaged was situate in this State. *Dutch* v. *Boyd*, 81 Ind. 146.

It is obvious that the land, if in this State, must be in Han-

cock county. The east half of the southwest quarter of section three, in township 15 north, of range seven east, the land in dispute, can not be, if located in Indiana, in any other county than Hancock. It follows that the complaint fails to show that the sale is void because the mortgage did not sufficiently describe the land mortgaged. But it is alleged that the auditor failed to give the notice of the time and place of sale as required by law, and that he sold the land for $6 more than it was liable for. This the demurrer admits. The auditor could not sell without substantially pursuing the statute. The statute required him to give sixty days notice of the time and place of sale. *Arnold* v. *Gaff*, 58 Ind. 543, and cases there cited. If, as is alleged, the auditor sold the land for more than was due upon it, the sale was void. The auditor is authorized to make sale of only so much of the mortgaged premises as will satisfy the amount of principal, interest, damages and costs due. 1 R. S. 1876, p. 947, section 44.

We think there was no error in overruling the demurrer to the complaint.

The appellant insists that the court erred in overruling his motion for a new trial.

The appellee proved a title in himself to the land in controversy, regularly derived from the United States. His title must prevail unless divested by the sale of the land made by the Auditor of State upon a mortgage executed by a former owner.

The testimony introduced by the appellant shows that the land was offered for sale by the Auditor of State, at public auction and at the door of the court-house, in Indianapolis, on the 22d day of April, 1878, for the non-payment of the principal and interest due on said mortgage to the university fund; that, no cash bid having been made for the land, the auditor bid it off for the benefit of said fund, and immediately re-offered and sold the same for the amount claimed by him to be due, to said Mason on a credit of five years; that Mason subsequently assigned and transferred his certificate of purchase to the appellant.

It was also proved that the Auditor of State had given notice of the time and place of said sale by publication thereof in the Indianapolis Weekly Sentinel for nine consecutive weeks, and in the Indianapolis Weekly Journal, in like manner, for eight weeks. Six dollars was charged for each publication, and the land was sold for the payment of the sums so charged, as well as for the principal, interest, damages and other costs for which it was liable.

The appellee insists that the notice thus published was insufficient, for the reason that it was not published continuously in the Weekly Journal for sixty days as required by the statute. He further insists that if it should be held that it was sufficient to publish the notice for sixty days continuously in the Weekly Sentinel, the sale must still be held to be void, for the reason that it was made for the payment of the costs of the insufficient publication in the Weekly Journal.

The appellant, on the other hand, contends that the statute requires but one publication of the notice to be made; that, if the notice was published once, sixty days immediately before the sale, it was sufficient; that the notice having been published on the 20th of February, 1878, in both the Sentinel and Journal, it was, therefore, published for a sufficient length of time in each. He further contends that if the notice was properly published for sixty days in the Sentinel it was sufficient, and the auditor was at liberty to publish it in the Journal or other paper for any period less than sixty days which he might think proper and necessary, and charge the expense to the mortgaged property.

The statute upon the subject is as follows:

" On failure to pay any interest or principal when due on any such mortgage, the auditor shall advertise the mortgaged property for sale in one or more of the newspapers printed in this State, for sixty days." 1 R. S. 1876, p. 947, section 43.

We think that a fair construction of this statute requires the Auditor of State to continue the notice in the paper in

which it is published for sixty days; that the notice must appear in every issue of the paper during such period. The language of the statute is that the notice shall be published "for," that is, during "sixty days." One insertion, though made sixty days before the sale, would not satisfy the language of the statute. The phraseology of this section differs from the statutes construed by the cases referred to in the appellant's brief. *Denning* v. *Smith,* 3 Johns. Ch. 332; Wade on Notice, section 1113.

The proof shows that the notice was inserted in eight issues in the Weekly State Journal, the first on the 20th of February, 1878, the last on the 10th of April, 1878. The sale took place on the 22d of April, 1878. The notice was, therefore, only published in the Weekly Journal for forty-nine instead of sixty days and was, we think, insufficient and unauthorized. We do not think that the auditor had the right to publish the notice for less than sixty days in the Journal and charge the cost upon the mortgaged property, because he had published the notice for the proper period in the Weekly Sentinel. The statute plainly requires that publication of the notice be made for sixty days. The auditor has no authority, therefore, to publish it for a less period.

It may be that the notice published in the Sentinel should be held to be sufficient. Assuming this, still the auditor had no right to sell the land mortgaged to pay the cost of the insufficient publication in the Journal. This he did, and it must be held to render the sale void. *Arnold* v. *Gaff, supra,* We think the judgment below should be affirmed. We do not wish to intimate that the appellant is without remedy. He will, in case he should have to pay anything to the State, be remitted to its rights as against the land.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the appellant's costs.