Filed April 4, 1889.

———————◆———————

No. 13,564.

HAYNES ET AL. v. COX.

SCHOOL FUND MORTGAGE.—*Sale.*—*Power of County Auditor.*—*Burden of Proof.*—The county auditor, in making a sale of land in satisfaction of a school fund mortgage, has no power to sell in any other mode than that prescribed by the statute, and the burden is upon one claiming title under such a sale to show that the statutory requirements have been strictly pursued.

SAME.—*Selling Part of Mortgaged Land.*—*Statutory Requirements.*—Where the

auditor, in selling less than the whole tract mortgaged, does not take the quantity sold out of the northwesterly corner of the tract, as required by the statute; but, on the contrary, takes it from another and entirely distinct portion thereof, he exceeds his power and the sale is invalid.

SAME.—*Duty of Auditor.*—It is the duty of the auditor to offer the mortgaged premises in the manner prescribed by the statute; and, if, after offering it for sale in that manner, no one bids the amount due, he must bid the property in for the use of the fund secured by the mortgage.

SAME.—*Quieting Title.*—*Tender.*—Where, in an action in the usual form to quiet title, the defendant sets up title in himself through a sale under a school fund mortgage, no question as to the failure of the plaintiff to tender to the defendant the amount due on the mortgage is presented, unless a failure to make a tender is averred in the answer.

From the Vanderburgh Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellants.

*D. B. Kumler* and *G. F. Denby,* for appellee.

COFFEY, J.—This was an action brought by the plaintiff against the defendant, in the Superior Court of Vanderburgh county, to quiet title and to obtain the possession of the land described in the complaint.

The defendant answered in two paragraphs, the first being a general denial. The second paragraph, omitting the formal parts, is as follows : "That on the 18th day of March, 1868, Benoni and Ruth Stinson were the owners of the land in the complaint described ; that on that day the said Benoni Stinson and Ruth Stinson, who was his wife, mortgaged to the State of Indiana the southeast quarter of the northwest quarter of section 35, township 6, range 11 west, forty acres, to secure the payment, at the expiration of five years, of the principal and interest of a certain note executed to the State of Indiana by them, in the sum of $250, which was on that day loaned to said Benoni and Ruth Stinson, and was part of the Congressional Township School Fund of the State of Indiana ; that although the whole of said quarter section was so mortgaged, yet, in truth and in fact, on that day the said Stinsons owned only fourteen acres of land in said quarter section,

which fourteen acres are hereinafter described; that after the execution of said mortgage the said Ruth departed this life, and thereafter, viz: on the — day of —, 1870, Benoni departed this life intestate, the said indebtedness to the State of Indiana and said mortgage remaining wholly unpaid; that thereafter, on the 29th day of April, 1871, while said indebtedness so remained unpaid, and said mortgage unsatisfied, a certain partition of the lands of said Benoni was had, in the Vanderburgh Circuit Court, among his heirs, including the fourteen acres; that the plaintiffs were heirs of the said Benoni, and were parties to said partition; that such proceedings were had in said action that said fourteen acres were subdivided, by commissioners appointed to make partition, into four lots, numbered from one to four, inclusive; that lot one contained two acres, lot two, two and one-half acres, lot three, six and one-half acres, and lot four, three acres; that said lot three was set apart to the plaintiffs in this action, all of which fully appears of record in the office of the clerk of the Vanderburgh Circuit Court, in Order Book 2, p. 290; and the defendant files herewith a plat of said fourteen acres of land, and also a plat of said subdivision; that thereafter, on the 18th day of March, 1872, an instalment of interest became due on said loan, and neither the said Benoni nor Ruth Stinson, nor any person on their behalf, paid or tendered the same; and therefore the whole of said loan, principal and interest, became due and remained due and unpaid until the 1st day of March, 1873, when the auditor of Vanderburgh county proceeded to collect the same by sale of the mortgaged premises, or so much thereof as was necessary to pay the amount of principal, interest, damages and costs, on the 4th Monday in March, being the 24th day of March, 1873, at the court-house door in Evansville; that before proceeding to collect said several sums of money by sale of the mortgaged premises, the auditor of Vanderburgh county advertised that he would sell the same, in the Evansville Journal, a newspaper of general circulation printed and pub-

lished in Vanderburgh county, for three weeks successively, the first of which publications was on the 1st day of March, 1873, and by setting up notices at the court-house door in Evansville, and at other places in the said city, and by posting notices in three public places in Perry township in said county, in which said land is situate, and being three notices in the civil and congressional township where said land is situate, which notices were posted more than three weeks before the day of sale; that on the 24th day of March, 1873, pursuant to the notice so given, the said auditor did offer for sale said mortgaged premises, or so much thereof as was necessary to pay the amount due for principal, interest, damages and costs, to be taken in a square form as nearly as possible off the northwesterly corner of said fourteen-acre tract, and received no bid therefor ; that he then offered, in like manner, to sell either of said lots one, two, three and four, or so much thereof as was necessary to pay the amount due, and received no bid for any or either of said lots, except lot three, which the said auditor then elected to sell, and which was wholly unimproved, and after one or more bids were received, he did sell to Martha E. D. Stinson the four-fifths off the east side of said lot three, being five and $\frac{20}{100}$ acres off the east side of said lot, the said Martha's bid being the highest and best bid offered therefor, or at said sale ; that the amount of said Martha's bid, and the amount for which said tract was sold, was $250 due for principal, $17.29 due for interest, $5 due for damages, and $12.50 due for costs, being the exact amount due on said loan ; that the treasurer of said county attended said sale and made a statement thereof to the board of commissioners of said county, which state-ment was signed by said auditor and treasurer, and was after-wards recorded in the office of said auditor and filed in the office of said treasurer ; that after said sale the said Martha paid the full amount of her bid, and said mortgage was entered fully satisfied ; that on the 25th day of March, 1873, the auditor of said county made, executed, acknowledged,

entered in the records of the board of commissioners of said
county and delivered to said Martha E. D. Stinson a deed of
conveyance for the land so purchased by her, and she there-
by became the owner in fee thereof; that the said Martha,
by her different deeds of conveyance, conveyed all of her inter-
est in said land to this defendant and one Henry Angel, and
the said Angel afterwards conveyed to the defendant, where-
by he became the owner in fee of all the land so purchased
by the said Martha; that the same is part and parcel of the
land for the recovery of which this action is brought; and
the defendant expressly disclaims any interest in any other
portion of said land.

The appellee also filed a cross-complaint, seeking to quiet
his title to said land.

The appellants filed a demurrer to the second paragraph
of the answer, but the same was overruled and they excepted.

The appellants filed a reply in two paragraphs, the first
of which was a general denial.

The second paragraph is substantially as follows : " That
said tract of fourteen acres, owned as averred in said second
paragraph of answer by said Benoni and Ruth Stinson, em-
braces lots 1, 2, 3 and 4, set out in said answer; that at the
time of said partition, after the death of said Benoni and Ruth,
and before said auditor's alleged sale, and before any steps
were taken by said auditor to have said sale, said four lots
were set off in said partition, and were owned as follows:
Said lot number one by ——; said lot number two by ——;
said lot number three by plaintiffs; said lot number four by
Martha Stinson, who became such owner as the heir at law
of said Ruth and Benoni, and not otherwise; that plaintiffs
then were, and ever since have been, residents of the State
of Oregon, and not of Indiana; that they had no notice of
said pretended notice of sale, or any other proceedings of
said auditor, treasurer or any other person, relative to en-
forcing said mortgage, and they only discovered the same
about the date of bringing this suit; that lot one aforesaid

is in the northwest corner of said fourteen-acre tract, and said lot three is not in the northwest corner thereof, but is in the southeast and central part thereof; that the portion of said lot three claimed by the defendant lies in the southern, central and eastern part of said fourteen-acre tract; that the only notice of said sale was as follows:

" ' Public Sale.

" 'As provided in sections 87, 95 and 96, of chapter one of the general school law of the State of Indiana, approved March 6th, A. D. 1865, the undersigned will, on the fourth Monday in March, 1873 (being the 24th day of said month), at the door of the court-house in the city of Evansville, in Vanderburgh county, State of Indiana, between the hours of 10 o'clock A. M. and 4 o'clock P. M., offer for sale the following described town lots and lands situate in said county, mortgaged to the State of Indiana to secure loans of common school and congressional township funds, and upon which the borrowers failed to pay the annual instalments of interest and principal due thereon, to wit: Congressional township fund loan, No. 483: The southeast quarter of the northwest quarter of section No. thirty-five (35), in township No. six (6) south, of range eleven (11) west, containing forty acres more or less, in said county. Mortgaged by Benoni Stinson and Ruth Stinson, his wife, on the 18th day of March, 1868. Amount due thereon, $285.29. Should the foregoing sums remain unpaid on the 24th day of March, 1873 (being the fourth Monday of said month), the undersigned, auditor of said county, will, on said day, proceed to sell the premises mortgaged and described therein, or so much thereof, to the highest bidder, for cash, as may be necessary to discharge the amount due for principal, interest, damages and costs, and in case of no bid for the amount due, the undersigned will bid in the same on account of the respective funds.

" ' Philip Decker, A. V. C.

" ' Per Aug. Brauns, Deputy.

" ' Evansville, March 1st, 1873.'

" That, in his pretended notice of sale set out in the answer, said auditor described the land he proposed to sell as the southeast quarter of the northwest quarter of section thirty-five (35), in township six (6) south, of range eleven (11) west, in Vanderburgh county, containing forty acres, and by no other description; that there were no improvements on said land; that, at the time of said alleged sale, said auditor, after having formally offered other parts of said land as alleged in the answer, inquired of by-standers if any one desired to make an offer for any part of said land, whereupon one Lewis C. Stinson, the husband of said Martha, acting as her agent, and for the fraudulent purpose of procuring the sale of plaintiffs' land greatly below its value, and placing the whole burden of said mortgage upon plaintiffs' land, every acre of which was then worth $200, and the part claimed by defendant was worth $1,000, then and there, in the name of said Martha, pointed out said particular part of said lot No. 3, claimed by defendant, and at his request said auditor offered the same for sale for the satisfaction of said mortgage, and said Stinson, in the name of said Martha, bid the same in and took a conveyance therefor; and this is all the notice, sale, election to sell and convey described in said answer, and the only sale and conveyance under which the defendant seeks to deprive the plaintiffs of said land, and the alleged ownership of the defendant, and those under whom he claims, as set up in said answer, is wholly based on said pretended auditor's sale; that the request of the said Stinson to have said property sold as aforesaid, and the bidding of the same in, were in pursuance of a fraudulent conspiracy theretofore entered into by said Lewis C. Stinson and the owners of said lots 1, 2 and 4, in order to relieve said lots, of which they were the owners, to wit, lots 1, 2 and 4, from the burdens of said mortgage, and cast the whole of the same upon the plaintiffs' property."

The appellants withdrew the first paragraph of their reply, and the appellee dismissed his cross-complaint and withdrew

the first paragraph of his answer. The court then sustained a demurrer to the second paragraph of the reply, and the appellants declining to plead further, a judgment was rendered against them for costs.

The errors assigned in this court are:

1st. That the court erred in sustaining the demurrer of the appellee to the second paragraph of the reply.

2d. That the court erred in overruling the demurrer of the appellants to the second paragraph of the answer of the appellee.

3d. That the court erred in rendering judgment as set out in the record.

Section 4391, R. S. 1881, provides that, before sale of mortgaged premises, the auditor shall advertise the same in some paper printed in the county where the land lies, if any there be, for three weeks successively, and also by notices set up at the court-house door, and in three public places in the township where the land lies.

Section 4392 provides that, at such sale (which shall be at the court-house door), the auditor shall sell so much of the mortgaged premises to the highest bidder, for cash, as will pay the amount due for principal, interest, damages and costs. When less than the whole tract mortgaged is sold, the quantity sold shall be taken in a square form, as nearly as possible, off the northwesterly corner of said tract; and when less than the whole of any in-lot or out-lot of any town or city shall be sold, the part sold shall be laid out and taken off so that it shall extend from the main or principal street or alley on which said lot fronts, to the rear thereof, to divide the same by a line as nearly parallel with the boundaries of said lot as practicable; and if less than the whole is sold, the auditor, in his notice of sale, shall indicate off of which side or end of said lot the part to be sold shall be taken; and if more than one tract of land is included in the mortgaged premises, the auditor shall elect which tract or tracts

shall be sold, saving to the mortgagor, if practicable, the tract on which his house is located.

Section 4393 provides that, in case of no bid for the amount due, the auditor shall bid in the same on account of the fund, and as soon thereafter as may be shall sell the same, having first caused it to be appraised by three disinterested freeholders of the neighborhood, etc.

The property here involved is neither an in-lot nor an out-lot in any town or city; the statute, therefore, so far as it applies to that class of property, has no application here. The property sold was not taken out of the northwesterly corner of the tract mortgaged, but, on the contrary, was taken out of the central and southeasterly part. The question is, does this departure from the statutory requirement invalidate the sale? This was a sale under a naked power not coupled with an interest, and the auditor was bound to a strict observance of the requirements of the statute regulating such sales. If there was a failure to pursue the statutory authority, there was no valid sale. *Benefiel* v. *Aughe*, 93 Ind. 401. The judge who delivered that opinion says this has always been the law in Indiana, and in support of this assertion cites *Williamson* v. *Doe*, 7 Blackf. 12, *Skelton* v. *Bliss*, 7 Ind. 77, *Key* v. *Ostrander*, 29 Ind. 1, *Betson* v. *State, ex rel.*, 47 Ind. 54, *Arnold* v. *Gaff*, 58 Ind. 543, *Ferris* v. *Cravens*, 65 Ind. 262, and *Brown* v. *Ogg*, 85 Ind. 234.

In such sales it is not a question of good faith, but a question of power. The officer has no power to sell in any other mode than that prescribed by the statute. A departure from the statute is presumed to act injuriously against the owner, as it may deter bidders.

The burden is upon the one claiming title under such a sale to show that the statutory requirements have been strictly pursued. *Bonnell* v. *Ray*, 71 Ind. 141; *Ward* v. *Montgomery*, 57 Ind. 276; *Steeple* v. *Downing*, 60 Ind. 478; *Smith* v. *Kyler*, 74 Ind. 575.

It was the duty of the auditor to offer the mortgaged prem-

ises in the manner prescribed by the statute, and if no one bid the amount due after offering the whole tract, it was his duty to bid it in for the use of the fund secured by the mortgage. When he undertook to depart from this duty he was acting without authority, and his acts had no binding force on any one. As it appears by the answer of the appellee that the county auditor did not pursue the statutory requirements in the sale under which he claims title, it follows that the answer was bad.

It is objected that, considering the shape of the fourteen-acre tract of land, the quantity sold could not have been taken in a square form out of the northwesterly corner. The statute does not require, absolutely, that it should be in a square form; but does require that it shall be as nearly so as possible.

It is further objected that as this was a sale to satisfy a school fund mortgage, the appellants can not quiet their title until they have paid, or offered to pay, the purchaser the amount due on such mortgage. This is, perhaps, true. *Shannon* v. *Hay*, 106 Ind. 589.

But there is no averment in the answer that appellants have not tendered the amount due on the mortgage. Did the answer contain such an allegation, it would then present a different question from the one it now presents. The complaint is in the usual form for possession and to quiet title, and the answer confesses the allegations made therein, and seeks to avoid them by showing that the title therein averred has been divested by a sale made on a mortgage to secure the school funds of the State.

As it fails to show a valid sale, it is not sufficient to bar the appellants' right of action, and, therefore, the court erred in overruling the demurrer intended to test its sufficiency.

As we have reached the conclusion that the answer is bad, it is unnecessary to examine the reply. A bad reply is sufficient for a bad answer.

For the error committed by the court below in overruling the demurrer of the appellants to the second paragraph of the answer of the appellee, the cause must be reversed.

Cause reversed, with instructions to the court below to sustain the demurrer to the second paragraph of the answer of the appellee, and for further proceedings not inconsistent with this opinion.

Filed April 4, 1889.